JUSTICE BAER,
dissenting
I join Justice Mundy’s dissenting opinion. I write separately to explain my reasoning and to set forth a recommended course of action for trial courts.
As has been noted, this case requires our interpretation of Section 2313(a) of the Adoption Act:
§ 2313. Representation
(a) Child.—The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No attorney or law firm shall represent both the child and the adopting parent or parents.
23 Pa.C.S. § 2313(a). I agree with my colleagues that the first sentence of Section 2313(a) requires a trial court to appoint counsel to represent the child in a contested termination proceeding. The question raised by this case, however, is whether a trial court must appoint a separate attorney as counsel for the termination proceeding or whether an attorney then serving as the child’s guardian ad litem (GAL) in the related dependency proceedings (hereinafter, for clarity, “GAL Attorney”) may continue to serve in a dual capacity representing both the best interests and the legal interests of the child, assuming the interests do not conflict.[1]
Notably, the first sentence of Section 2313(a) is silent as to whether the appointed counsel may be the same individual who serves as the GAL Attorney in the dependency proceedings. I agree with Justice Mundy that the second sentence of *450 Section 2313 does not answer this question as it instead addresses the child’s representation in “any other proceedings” under the Adoption Act other than a contested termination proceeding, which is addressed by the first sentence of the section.
Section 2313(a)’s differentiation of the representation requirements is understandable given the significance to the child and finality of the termination of parental rights. While the General Assembly mandates in the first sentence of Section 2313(a) that a child be represented by counsel in a contested termination proceeding, the second sentence of the provision allows, but does not require, representation by either counsel or a GAL (who does not have to be an attorney under the Adoption Act) in other proceedings such as uncontested adoption proceedings. The fact that a GAL may be appointed in other proceedings, however, does not address whether a GAL Attorney may satisfy the requirement that counsel be appointed for purposes of the first sentence addressing a contested termination of parental rights proceeding.
While the Adoption Act does not speak to whether a GAL Attorney can serve as the appointed counsel under Section 2313(a) in contested termination proceedings, Section 6311 of the Juvenile Act specifically provides for a GAL Attorney to serve in a dual capacity in dependency proceedings. 42 Pa.C.S. § 6311. For specified categories of dependent children, Section 6311(a) requires that the court “appoint a guardian ad litem to represent the legal interests and the best interests of the child,” and mandates that “[t]he guardian ad litem must be an attorney at law.” 42 Pa.C.S. § 6311(a).[2] Subsection 6311(b) requires that the GAL Attorney represent “the legal interests *451 and the best interests of the child at every stage of the proceedings” and sets forth the duties of the GAL Attorney, which include traditional responsibilities of legal counsel.[3]
Significantly, Subparagraph 6311(b)(9), in its original form, imposes on the GAL Attorney the following duty in regard to the child’s legal interest:
(9) Advise the court of the child’s wishes to the extent that they can be ascertained and present to the court whatever evidence exists to support the child’s wishes. When appropriate because of the age or mental and emotional condition of the child, determine to the fullest extent possible the wishes of the child and communicate this information to the court. A difference between the child’s wishes under this paragraph and the recommendations under paragraph (7) [addressing recommendations for the child’s placement and *452 necessary services] shall not be considered a conflict of interest for the guardian ad litem.
42 Pa.C.S. § 6311 (emphasis added).
Notably, this Court suspended the italicized last sentence of Section 6311(b)(9) countenancing a conflict of interest between the child’s wishes and the GAL Attorney’s best interest recommendations pursuant to Pennsylvania Rule of Juvenile Court Procedure 1800(3).[4] Rule 1800(3) suspended Section 6311(b)(9) to the extent it conflicted with Pa.R.J.C.P. 1151 and 1154. Rule 1151 instructs courts when to appoint a GAL Attorney and when to appoint counsel. As relevant to this case, a GAL Attorney should be assigned when a child “is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for the physical, mental or emotional health, or morals,” a classification which corresponds to one of the definitions of a dependent child under the Juvenile Act. Pa.R.J.C.P. 1151(A)(1); 42 Pa. C.S. § 6302 (“Dependent Child”)(l). In turn, Rule 1154 provides the duties of a GAL Attorney, which mirror the duties established by Section 6311 of the Juvenile Act, absent the suspended last sentence of subparagraph 9, addressing potential conflicts of interest for the GAL Attorney.
In place of the final sentence, the comment to Rule 1154 provides, “If there is a conflict of interest between the duties of the guardian ad litem pursuant to paragraphs (7) and (9), the guardian ad litem for the child may move the court for appointment as legal counsel and assignment of a separate *453 guardian ad litem ...” Pa.R.J.C.P. 1154, cmt.[5] It further explains that “If there is not a conflict of interest, the guardian ad litem represents the legal interests and best interests of the child at every stage of the proceedings. 42 Pa.C.S. § 6311(b).” Pa.R.J.C.P. 1154, cmt. Thus, in dependency proceedings under the Juvenile Act, a GAL Attorney represents both the best interests and legal interests of the child absent a conflict of interest. If there is a conflict of interest, the child must have a GAL representing her best interests and separate legal counsel representing legal interests. This provision is consistent with Pennsylvania’s Rules of Professional Conduct which forbid an attorney from representing a client “if the representation involves a concurrent conflict of interest.” Pa. R.P.C. 1.7(a) (entitled “Conflicts of Interest: Current Clients”).
I see no obstacle to this system of representation being applied for purposes of a child’s representation in contested termination proceedings under the first sentence of Section 2313(a) of the Adoption Act. Indeed, as contested termination proceedings generally arise from dependency proceedings, I conclude that the statutory representation provisions for children subject to both proceedings should be read in pan materia. 1 Pa.C.S. § 1932 (providing that statutes that “relate to the same persons or things or to the same class of persons *454 or things” “shall be construed together, if possible, as one statute”).
Indeed, reading the representation provisions consistently allows the child to have continuity of representation between the dependency and termination proceedings.[6] As in the dependency proceedings, if a conflict of interest exists between the child’s best and legal interests, the GAL Attorney, who is subject to the Rules of Professional Conduct, must move for the appointment of a separate individual to allow separate representation of the best interests and legal interests, gee Pa.R.P.C. 1.7. As I conclude that no universal disqualifying impediment exists to prevent a dependency proceeding GAL Attorney from continuing to represent the child’s legal and best interests in a termination proceeding, I concur with Justice Mundy in holding that the trial court did not err in refusing to appoint a new individual as counsel.
Nevertheless, I am troubled that an affirmance of the trial court’s denial of the motion to appoint counsel could be misconstrued as not requiring the appointment of counsel in contested termination proceedings. Indeed, I agree that lack of counsel for the child would result in a structural error in a termination proceeding. As such, it would be a better practice for courts in every contested termination proceeding to place an order on the record formalizing the appointment of counsel to highlight for all parties the responsibility for the representation of the child’s legal interests, while simultaneously permitting that attorney to serve as the child’s GAL so long as there is no conflict of interest between the child’s legal and best interests.
*455 As applied to this case, it would have been preferable for the trial court to have formally appointed the GAL as the child’s counsel for the termination proceedings and cited the first (as opposed to second) sentence of Section 2313(a). I refuse, however, to promote form over substance and deny permanency to A.D.M. based upon the trial court’s technically improper order denying the appointment of counsel. Instead, I conclude that the trial court was correct in denying Mother’s motion because Mother sought not the appointment of counsel generally, but instead requested the appointment of “independent counsel.” Motion to Appoint Counsel for the Child [A.D.M.]. As I have stated above, Section 2313(a), in my view, does not mandate the appointment of counsel distinct from the GAL Attorney serving in the same dual capacity in the dependency proceedings, absent a conflict of interest between the child’s best interests and legal interests.
Moreover, the record does not support Mother’s assertion that a conflict of interest existed between A.D.M.’s legal and best interests during the second termination proceeding, which would have required the GAL to move for the appointment of separate counsel. A conflict of interest may have existed during the first termination proceeding in 2014 when the GAL recommended that termination was in A.D.M.’s best interest in contrast to A.D.M.’s articulated desire to be reunited with Mother. However, by the time of the second termination proceeding, A.D.M. expressed a desire to live with his foster parents. He first noted that it was “a really hard decision because they both care about me. But my mom doesn’t act like it.” N.T., 9/15/2015, at 10. He then stated that he would “probably go with” his foster parents because he felt “like [his] mom’s not safe because she could probably do drugs again,” which he recognized would result in yet another removal of him and his younger brother. Id. at 11. In contrast he noted that living with his foster parents “would be pretty good because they’re a good family and they take good care of me.” Id. at 17. He also clearly expressed his desire for permanency, noting that he had been “in foster care for a really long time [and had] been switching around with foster families a lot.” Id. *456 Understandably, he hoped that if he was placed with his foster parents that his mom’s “family could connect with the [foster family], the whole entire family.”[7] Id. at 18. Thus, I agree with the trial court that A.D.M.’s legal interests were consistent with the GAL’s view of his best interests during the relevant second termination proceeding.
Therefore, I respectfully dissent from the remand and would affirm the termination of Mother’s parental rights.
Justice Mundy joins this dissenting opinion.
JUSTICE MUNDY,
dissenting
I agree with the main opinion’s conclusion that pursuant to 23 Pa.C,S. § 2313(a), appointment of counsel is mandatory for children involved in contested involuntary termination of parental rights proceedings. However, because I believe an attorney guardian ad litem (GAL) appointed to represent a child in these proceedings satisfies Section 2313(a)’s mandate, I dissent.
As the main opinion states, this case presents an issue of statutory interpretation and is governed by the relevant legal standards set forth in the main opinion. Opinion, at 439-40, 161 A.3d at 178-80. Further, it is undisputed that the mandatory language of the first sentence of Section 2313(a) requires appointment of counsel in contested involuntary termination proceedings.
§ 2313. Representation
(a) Child.—The court shall appoint counsel to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents. The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child. No *457 attorney or law firm shall represent both the child and the adopting parent or parents.
23 Pa.C.S. § 2313(a) (emphasis added).
In my view, the first and second sentences of Section 2313(a) address two entirely different situations. As the text of the statute states, the second sentence of Section 2313(a) provides that the court may appoint counsel or a GAL in “any other proceeding” under “this part,” this part meaning, the Adoption Act, 23 Pa,C.S. §§ 2101-2938, The Adoption Act encompasses voluntary relinquishment proceedings, involuntary termination proceedings—contested and uncontested, as well as adoption proceedings. Thus, Section 2313(a) governs representation under all Adoption Act proceedings, and the second sentence of Section 2313(a) has no effect on the meaning of the first sentence, stating counsel shall be appointed to represent a child in a contested involuntary termination proceeding.
The main opinion notes that the “trial court chose simply to skip over the first sentence of Section 2313(a) (which mandates counsel in contested [termination of parental rights] cases) in favor of that provision’s second sentence which ‘gives this Court the discretion to appoint counsel or a GAL to represent any child who has not reached 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child.’ ” Opinion, at 435, 161 A.3d at 176, quoting Trial Court Order, 9/9/15. Conflating the two sentences, the trial court relied on the second sentence of Section 2313(a) in support of its appointment of the GAL attorney. Nevertheless, as the trial court noted in denying Mother’s motion for appointment of new counsel, the children had an established relationship with the GAL attorney, and her continued representation would best suit the needs of the children. Id. In light of the statutory interpretation discussion above, I fail to see how this contested involuntary termination proceeding is “any other proceeding,” or how the GAL attorney appointed to represent the children is not “mandated counsel” in accordance with the first sentence. Thus, the trial court’s continued appointment of the GAL attorney from the dependency case satisfied Section 2313(a)’s mandate.
*458 I believe that the main opinion is mistakenly reading the first and second sentences in conjunction with each other, which has the effect of changing the meaning of the first sentence. The General Assembly chose in the second sentence to say “counsel or a [GAL],” noting in the comment that the GAL need not be an attorney. Thus, in all “other proceedings” under the Adoption Act, the General Assembly contemplated the possibility that a child might not be represented by counsel at all. Contrary to the main opinion’s suggestion, the inclusion of an option to solely appoint a non-attorney GAL in other proceedings does not necessarily render the appointment of a GAL attorney a violation of the Section 2313(a)’s appointment of counsel clause. Our review in this case is limited to whether appointment of a GAL attorney satisfies Section 2313(a)’s mandate that counsel be appointed in contested involuntary termination of parental rights proceedings. I conclude it does.
I also am troubled by the plurality’s conclusion that “the plain language of Section 2313(a) requires the trial court to appoint a separate, independent attorney to represent a child’s legal interests in a [termination of parental rights] case.” Opinion, at 431-32, 161 A.3d at 174-75 (emphasis added). The main opinion adopts the position that Section 2313(a) specified that appointed counsel would solely be representing the child’s legal interests, and not best interests, without citation to where the term “legal” was added to Section 2313(a). I do not disagree with the main opinion’s citation to Pennsylvania Rules of Juvenile Court regarding the role of a GAL attorney in dependency hearings, or the distinct legal and best interests which they must represent. See Opinion, at 433, 161 A.3d at 175, citing Pa.R.J.C.P. 1154. However, even in the dependency context, Rule 1154 specifically anticipates the potential for a conflict between a child’s wishes—the child’s legal interest, and a child’s best interests, and that in such a case separate legal counsel in addition to the GAL attorney may be appointed. Pa.R.J.C.P. 1154 cmt.[1] This does not necessitate that a *459 GAL attorney can only advocate a child’s best interest, or that the General Assembly intended to preclude a GAL attorney from representing a child under Section 2313. Nor does it mandate two attorneys must be appointed in the absence of a conflict of interest on the part of the GAL attorney. The statute as drafted solely provides that “the court shall appoint counsel.” 23 Pa.C.S. 2313(a). The appointment of a GAL attorney certainly satisfies this requirement.
Further, as the main opinion concedes, Section 2313(a) is the only requirement the General Assembly imposed, and “no other statutory provision speaks to the appointment of counsel or a GAL in an involuntary termination of parental rights proceeding.” Opinion, at 433, 161 A.3d at 175. The main opinion correctly notes that in custody cases when counsel is appointed, counsel “shall represent the child’s legal interests and zealously represent the child as any other client in an attorney-client relationship^ and] ... shall not perform the role of guardian ad litem or best interests attorney.” Pa. R.C.P. 1915.11(a). And that on the contrary, in dependency cases, a GAL attorney “shall be charged with representation of the legal interests and the best interests of the child at every stage of the proceedings.” 42 Pa.C.S. § 6311(b). The first sentence of Section 2313(a) does not differentiate between representing the child’s best interests or legal interests in mandating the appointment of counsel in contested termination of parental rights cases.[2] It is not the duty or role of this Court to inject such differentiation into Section 2313(a) that is not derived from the statutory language.
In support of its position that a Section 2313(a) attorney should only represent the child’s legal interests, the main opinion quotes In re Adoption of Hess, 562 A.2d 1375 (Pa. Super. 1989) for the proposition that “[t]he purpose of 2313(a) is to ensure that the needs and welfare of a child will be actively advanced by an advocate who owes loyalty only to the *460 child.” Opinion, at 441 n.12, 161 A.3d at 180 n.12, quoting id. at 1381 (emphasis in original). The next sentence of Hess, however, makes clear that although the court’s intent was to appoint counsel that owed a loyalty to the child, it did not intend to limit counsel to advocate solely for the child’s legal interests. Indeed, the court was very much concerned with the child’s best interests and stated:
Where, as in the present case, there are competing allegations of the best interests of the child, and where the court, without conducting a hearing by which it could receive evidence so that it could make a fully informed determination of the BEST interests of the child, summarily dispenses with one of the competing allegations of the child’s best interests, and where no counsel has been appointed to represent exclusively the child’s interests, we cannot conclude that the BEST interests of the child have necessarily been advocated and determined.
Hess, 562 A.2d at 1381 (emphasis in original).
The main opinion also disapproves of the Supei-ior Court’s reliance on In re K.M., 63 A.3d 781 (Pa. Super. 2012), overruling the pertinent holding in that case. Therein, the Superior Court concluded the language of Section 2313(a) was not clear and unambiguous as applied to circumstances where the GAL was an appointed attorney. Opinion, at 437, 161 A.3d at 177-78. Like the main opinion in this case, the KM. court also focused on the meaning of the second sentence of the statute in relation to the first sentence, but nevertheless concluded that the statute did not preclude a GAL attorney from serving as legal counsel for the children. Upon reflection, I believe KM.’s focus on the second sentence was unnecessary. Ultimately, however, the outcome of KM. was correct as the appointment of a second attorney when the child was represented by a GAL attorney would be superfluous.
Based on my conclusions regarding the statutory interpretation of Section 2313, it is unnecessary to further elaborate on *461 the ability of a GAL attorney to represent a child in a contested termination of parental rights matter. Nevertheless, there are two points I wish to make, First, as noted, the appointment of additional counsel following the appointment of a GAL attorney is superfluous. In this matter the GAL attorney represented the children’s interests throughout dependency proceedings. Under the main opinion’s interpretation, in addition to the GAL attorney, it would have been necessary to appoint an attorney for the first termination hearing when CYS petitioned to involuntarily terminate the parental rights of both Mother and Father. At that hearing, Father’s rights were involuntarily terminated, but Mother’s rights were not. Once the petition to involuntarily terminate Mother’s rights was denied, the Section 2313(a) appointed legal counsel would no longer be involved in the matter, and the GAL attorney would resume her sole advocacy on behalf of the children during the permanency proceedings. At the commencement of the second termination hearing, it would again be necessary to appoint Section 2313 legal counsel, possibly the same attorney that represented the children at the first termination hearing, perhaps a new attorney. This legal counsel would represent the children alongside the GAL attorney throughout the termination hearing. It is my view such dual representation is both unnecessary and taxing to the system, and undermines continuity of representation for the children.
Second, the only concern articulated by the plurality regarding the appointment of a GAL attorney appears to be a conflict of interest between advocating the child’s best interests and legal interests simultaneously. Opinion, at 442-43, 161 A.3d at 181. As previously noted, the GAL attorney must do this in the dependency actions, and Rule 1154 provides a procedure for appointing separate legal counsel from the GAL attorney if a conflict of interest between the child’s wishes and best interests arise. I see no basis for concluding that a GAL attorney would be incapable of being held to the same standard in contested involuntary termination of parental rights *462 cases. Further, in cases involving young children or children with limited capacity, the child may be unable to express a separate legal interest to an independent attorney appointed in addition to the GAL attorney, but would nevertheless be required to have one appointed under the plurality’s interpretation. Therefore, I disagree with the plurality’s holding that the GAL attorney cannot represent the child in a contested termination hearing.
In conclusion, by writing separately I am in no way discounting the importance of the child’s interests or diminishing the mandate of Section 2313(a)’s requirement of appointment of counsel. A contested involuntary termination hearing is a proceeding with the highest level of finality, and no child should proceed into one absent representation by an attorney. I write separately because I believe appointment of a GAL attorney satisfies the mandates of Section 2313(a) and ensures the needs and welfare of the child will be adequately advanced. In my opinion, a remand for the appointment of a second attorney in this matter, when a GAL attorney already represented the children in accordance with Section 2313(a), is unnecessary. Accordingly, I dissent.
Justice Baer joins this dissenting opinion.

. The representation provisions allowing for a GAL Attorney to serve in a dual capacity in dependency actions are set forth infra at 450-51, 161 A.3d at 185-86.

. In full, Section 6311(a) provides:
(a) Appointment.—When a proceeding, including a master's hearing, has been initiated alleging that the child is a dependent child under paragraph (1), (2), (3), (4) or (10) of the definition of "dependent child” in section 6302 (relating to definitions), the court shall appoint a guardian ad litem to represent the legal interests and the best interests of the child. The guardian ad litem must be an attorney at law.
42 Pa.C.S. § 6311(a).

. In relevant part, Section 6311(b) imposes the following duties upon the GAL Attorney that invoke standard duties of legal counsel:
(b) Powers and duties.—The guardian ad litem shall be charged with representation of the legal interests and the best interests of the child at every stage of the proceedings and shall do all of the following:
(1) Meet with the child as soon as possible following appointment pursuant to section 6337 (relating to right to counsel) and on a regular basis thereafter in a manner appropriate to the child’s age and maturity.
* * *
(5) Interview potential witnesses, including the child’s parents, caretakers and foster parents, examine and cross-examine witnesses and present witnesses and evidence necessary to protect the best interests of the child.
$ ⅜ ⅜ ⅜
(7) Make specific recommendations to the court relating to the appropriateness and safety of the child’s placement and services necessary to address the child’s needs and safety.
* * * *
(9) Advise the court of the child's wishes to the extent that they can be ascertained and present to the court whatever evidence exists to support the child’s wishes. When appropriate because of the age or mental and emotional condition of the child, determine to the fullest extent possible the wishes of the child and communicate this information to the court. A difference between the child’s wishes under this paragraph and the recommendations under paragraph (7) shall not be considered a conflict of interest for the guardian ad litem.
42 Pa.C.S. § 6311.

. Rule 1800(3) provides as follows:
(3) The Act of July 9, 1976, P.L. 586, No. 142, § 2, 42 Pa.C.S. § 6311(b)(9), which provide that there is not a conflict of interest for the guardian ad litem in communicating the child’s wishes and the recommendation relating to the appropriateness and safety of the child’s placement and services necessary to address the child's needs and safety, is suspended only insofar as the Act is inconsistent with Rules 1151 and 1154, which allows for appointment of separate legal counsel and a guardian ad litem when the guardian ad litem determines there is a conflict of interest between the child’s legal interest and best interest.
Pa.R.J.C.P. 1800(3).

. The comment to Rule 1154 provides in relevant part as follows:
Comment: If there is a conflict of interest between the duties of the guardian ad litem pursuant to paragraphs (7) and (9), the guardian ad litem for the child may move the court for appointment as legal counsel and assignment of a separate guardian ad litem when, for example, the information that the guardian ad litem possesses gives rise to the conflict and can be used to the detriment of the child. If there is not a conflict of interest, the guardian ad litem represents the legal interests and best interests of the child at eveiy stage of the proceedings. 42 Pa.C.S. § 6311(b). To the extent 42 Pa.C.S. § 6311(b)(9) is inconsistent with this rule, it is suspended. See Rules 1151 and 1800. See also Pa.R.P.C. 1.7 and 1.8.
"Legal interests” denotes that an attorney is to express the child’s wishes to the court regardless of whether the attorney agrees with the child’s recommendation. "Best interests” denotes that a guardian ad litem is to express what the guardian ad litem believes is best for the child’s care, protection, safety, and wholesome physical and mental development regardless of whether the child agrees.
Pa.R.J.C.P. 1154, cmt.

. The plurality opinion suggests that confusion could result if the GAL Attorney from the dependency proceedings was appointed to advocate for the child’s legal interests in the termination proceedings. Plurality Op. at 442-43, 161 A.3d at 181. Respectfully, I fail to see how confusion would result given that the GAL Attorney has been representing both the legal interests and the best interests of the child throughout the dependency proceedings. Rather than confusion, allowing the status quo representation to continue would provide continuity for the child, especially because the dependency proceedings, as noted by the plurality opinion, may overlap with the termination proceedings. If a conflict of interest exists, the GAL Attorney would be obligated to seek appointment of a separate individual as occurs under the dependency procedures.

. Likewise, he expressed a wish to maintain contact with his foster family if placed with his mother.

. The comment to Rule 1154 notes "[i]f there is not a conflict of interest, the guardian ad litem represents the legal and best interests of the child[.]” Pa.R.J.C.P. 1154 cmt.

. I maintain the second sentence does not pertain to contested involuntary termination of parental rights proceedings.